BEZALEEL H. DUPIGNAC, RESPONDENT, *v.* GEORGE W. VAN BUSKIRK, AS EXECUTOR, ETC., OF CATHARINE ANN DUPIGNAC, DECEASED, AND ALMIRA VAN BUSKIRK, APPELLANTS.

*Practice — all motions affecting the rights of parties, in actions triable in the first judicial district, must be made therein — Code of Civil Procedure, sec. 769.*

At the time of the commencement of this action, in the county of New York, another action between this plaintiff and the defendants herein and others was pending in the county of Kings. While a motion for a temporary injunction was pending in this action a motion was made, in the action in Kings county, to consolidate the two actions and direct that the trial should be had in the county of Kings, which motion was heard in the county of Kings and granted. *Held,* that the justice in Kings county had no power to make the order, as it affected the rights of the parties in this action and violated the provisions of section 769 of the Code of Civil Procedure, prohibiting the making of any motion, in an action triable in the first district, in any other district.

APPEAL from an injunction order, made and entered in the above entitled action, in the county of New York.

*Anthony R. Dyett,* for the appellants.

*Louis C. Wachner,* for the respondent.

VAN BRUNT, P. J.:

This action was pending in the county of New York. Another action was pending between this plaintiff and these defendants and others in the county of Kings. A motion was made in the action in the county of Kings to consolidate the two actions and to direct that the trial should be had in the county of Kings, which motion

was heard in the county of Kings and granted. At that time a motion for an injunction was pending in this court, which was heard, notwithstanding the order which had been made in the action in Brooklyn, and from the order then made this appeal is taken. As has been said by Mr. Justice LAWRENCE, in his opinion in respect to the validity of the order made in Kings county, removing this case to that county and consolidating it with the action pending in Kings, section 769 of the Code prohibits the making of any motion in an action triable in the first district in any other district. Therefore the learned justice, in the motion in Kings county, was entirely without jurisdiction as far as this action is concerned, and the order made therein was void. If it is claimed that the court had jurisdiction to hear the motion in the action in Kings county, it is clear that in that action the court had no power to make an order affecting the rights of the parties in the action pending in this county. Orders can only be made which affect the substantial rights of a party to an action in the action itself, and, therefore, if these actions were to be consolidated, the motions must be made in both cases.

It is urged that if this rule applies, then, merely because the venue is laid in different counties, no motion for a consolidation can possibly be made, although it may be entirely proper that a consolidation of the action should take place. It is sufficient to say, in answer to this suggestion, that if it was proper that the actions should be consolidated, it would certainly be proper that they should be tried in the same county; and upon a motion having been made to change the venue, if it was proper that the actions should be consolidated, the venue of one of them should be changed to the county in which the other was pending, in order that such motion for consolidation might be heard. Certainly, as far as the action pending in the county of New York was concerned, no motion could be heard affecting such action outside of the county, unless the express prohibition of the Code is violated.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.